UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ANGELO MARCELLUS IRVING,
　　　　　　*Defendant-Appellant.*

No. 02-4744

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MARCUS JOHNSON, a/k/a Pep, a/k/a
Little Marcus,
　　　　　　*Defendant-Appellant.*

No. 02-4745

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

COREY MURCHISON, a/k/a Popeye,
　　　　　　*Defendant-Appellant.*

No. 02-4749

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-01-304)

Submitted: April 18, 2003

Decided: June 3, 2003

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

David Lassiter, Jr., JEFFERSON & LASSITER, Richmond, Virginia; William H. Sooy, Richmond, Virginia; David R. Lett, Richmond, Virginia, for Appellants. Paul J. McNulty, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Robert E. Trono, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Angelo Marcellus Irving and Marcus Johnson were convicted by a jury of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") and conspiracy to distribute crack cocaine. Their co-defendant, Corey Murchison, was convicted of conspiracy to distribute crack cocaine. After considering the issues raised on appeal, we affirm.

I.

First, Irving asserts that the evidence was insufficient to convict him of the RICO offense, 18 U.S.C. § 1962 (2000), as a member of the Fulton Hill Hustlers ("FHH"). Irving contends that the Government failed to prove that an enterprise existed, that he knowingly par-

ticipated in the enterprise, and that he committed the predicate acts of murder, attempted murder, and conspiracy to distribute crack cocaine.

The substantive RICO statute provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debts.

18 U.S.C. § 1962(c). An "enterprise" is a "group of persons associated together for a common purpose of engaging in a course of conduct," which may be proved "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). We have noted that a RICO enterprise is characterized by "continuity, unity, shared purpose and identifiable structure." *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994).

After viewing the record in the light most favorable to the Government, we find that substantial evidence supports the conclusion that a racketeering enterprise existed. Although Irving argues that the members of FHH had no common purpose and each acted for himself, the Government presented numerous witnesses who testified that the common purpose of FHH was dealing crack cocaine, a goal that was pursued on a daily basis for many years. In addition, the Government presented evidence regarding the supply of cocaine to FHH and the procedures by which FHH sold cocaine on the streets of Fulton Hill and supported each other in that regard. Further, the evidence showed that FHH members committed various robberies, attempted murders, and murders in order to intimidate rivals, punish traitors, and collect drug money. This evidence was sufficient for a reasonable factfinder to conclude that FHH constituted an ongoing organization with a definite structure and the shared purpose of enriching the members of the enterprise and preserving the power of the enterprise.

Moreover, the evidence also supports the conclusion that Irving was associated with FHH. The Government introduced evidence that

Irving sold cocaine daily with FHH for many years. In addition, the evidence showed that Irving carried a firearm; that he and Murchison attempted to murder Vincent Allen who owed them both money for drugs; that he killed Walter Broaddus, who was from a competing drug organization, to enhance his position with FHH; and that he and other members of FHH participated in a revenge-driven shoot-out with another drug organization. This evidence was sufficient for a reasonable factfinder to conclude that Irving had an ongoing association with FHH.

Finally, concerning the sufficiency of the evidence regarding the predicate acts, Irving argues that the numerous cooperating witnesses were not worthy of belief. However, determinations of credibility are within the sole province of the jury and are not susceptible to judicial review. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996).

## II.

Appellants argue that out-of-court statements made by various FHH members should have been excluded as hearsay. Quincy Burrell testified that John Fitzgerald and Daco Edwards told him about a turf-related shoot-out involving Murchison and Johnson and the murder of Marcus Turner by Johnson and Edwards. Appellants contend that the district court failed to require that independent evidence establish the existence of the conspiracy before admitting the statements.

Rule 801(d)(2)(E) provides that statements by a co-conspirator, made during the course of and in furtherance of the conspiracy, are not hearsay. Accordingly, when the Government shows by a preponderance of the evidence that a conspiracy existed of which the defendant was a member, and that the co-conspirator's statements were made in furtherance of the conspiracy, the statements are admissible. *United States v. Neal*, 78 F.3d 901, 904-05 (4th Cir. 1996). To admit a co-conspirator's out-of-court statement, the Government must demonstrate the existence of the conspiracy by evidence extrinsic to the hearsay statements. *United States v. Stroupe*, 538 F.2d 1063, 1065 (4th Cir. 1976). We review the district court's decision to admit such testimony for an abuse of discretion. *Neal*, 78 F.3d at 905.

Prior to the admission of the statements at issue, Burrell testified that FHH was a gang which he joined in 1992. He stated that each of

the Defendants was a member along with Edwards and Fitzgerald and that FHH sold crack on a daily basis. He testified regarding FHH symbols, turf protection, police lookouts, initiations, and enforcement procedures. This evidence amply supported admission of the co-conspirators' statements by a preponderance of the evidence.

However, Appellants contend that Burrell's testimony was not extrinsic evidence, as required by the Rule. Appellants' argument evinces a misunderstanding of the rule. While corroboration is required for the admission of co-conspirator statements, direct testimony at trial is extrinsic to the out-of-court statements, even if the testimony is given by co-conspirators. *United States v. Portela*, 167 F.3d 687, 703 (1st Cir. 1999). Thus, the district court correctly admitted the disputed statements.

### III.

Murchison challenges his firearm enhancement, arguing that he was unaware and had no reason to conclude that his co-conspirators used firearms. The district court's decision that a weapon enhancement applies is a factual finding reviewed for clear error. *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997). Here, Vincent Allen testified at trial that, at a point when he owed FHH money for crack, Murchison and two other FHH members accosted him, hit him with a gun Murchison was carrying, and shot at him. We find that the district court did not err in applying the enhancement in this case.

### IV.

For the reasons discussed, we affirm Appellants' convictions and sentences. We deny Irving's motion to stay the case. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*